IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-122-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $28,600.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon the Government's Motion for Default Judgment. [DE-13]. For the reasons stated below, the motion will be ALLOWED.

I.  **STATEMENT OF THE FACTS**

This forfeiture action arises out of a June 12, 2012 search of the residence of Teddy Hargett. On that date, officers, pursuant to a search warrant, searched Hargett's residence and removed various tablets of controlled substances, drug paraphernalia, and firearms. A further search resulted in the seizure of $28,600.00 in United States currency for forfeiture. *See* Bryant Decl. [DE-1-1] at 1, 3-6.

II. **PROCEDURAL HISTORY**

This civil action in rem was brought pursuant to 21 U.S.C. ¶ 881(a)(6). The Government initiated this action by filing a Complaint for Forfeiture *In Rem* [DE-1] in this court on July 11, 2014, alleging that the Defendant, $28,600.00 in United States currency, was "used or intended to be used in exchange for controlled substances or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq." Compl. Forfeiture In Rem [DE-1] ¶ 1.

In accordance with Supplemental Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Clerk of Court issued a Warrant of Arrest and Notice *In Rem* [DE-5] on August 8, 2014. Beginning on August 13, 2014, a Notice of Civil Forfeiture was posted on an official government internet site, www.forfeiture.gov, for at least 30 consecutive days, and a proof of publication was filed with this court on January 6, 2015. *See* Advertisement Certification Report [DE-7-1] at 1-2.

On August 21, 2014, the Government completed service on the defendant currency while it was in the possession of the United States Marshals Service. *See* Process Receipt and Return [DE-6]. The Complaint and the Warrant for Arrest *In Rem* were served via personal service on potential claimants Robert LeCraft on January 9, 2015, and Teddy Hargett on May 5, 2015. *See* Notification of Service [DE-10] ¶¶ 1-2; *see also* Process Receipt and Return [DE-10-1] (LeCraft); Process Receipt and Return [DE-10-2] (Hargett). No answer or claim has been filed by any person in this action.

On July 1, 2015, the Government filed an Affidavit of Failure to Plead or Otherwise Defend [DE-11], a Motion for Entry of Default [DE-12], and a Motion for Default Judgment [DE-13]. The Clerk of Court entered Default [DE-14] against the defendant currency on August 18, 2015, and submitted the Government's Motion for Default Judgment to the undersigned.

### III. DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows the court to enter default judgment against a party who has failed to answer or otherwise plead. The only known potential claimants were served with notice of the action and a copy of the complaint pursuant to Supplemental Rule G(4)(b), and they have not filed an answer or claim in this action. The defendant currency also has been properly served, and it too is in default.

A defendant in default, and a claimant who fails to assert a claim *in rem*, is deemed to have admitted all of the plaintiff's well-pled allegations of fact, which then form the basis of the judgment in the plaintiff's favor. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Where, as here, the action is *in rem* and the Government seeks a forfeiture pursuant to 21 U.S.C. § 881(a)(6), the complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The court finds that the Complaint and the attached affidavit satisfy the Government's burden.

Accordingly, based on the foregoing, the court ORDERS that:

1. the Government's Motion for Default Judgment [DE-13] is ALLOWED;

2. default judgment is hereby entered against the defendant currency;

3. all persons claiming any right, title, or interest in or to the said defendant currency are held in default;

4. the defendant currency is forfeited to the United States of America; and

5. the United States Marshals Service is hereby directed to dispose of the defendant currency according to the law.

SO ORDERED.

This the 21 day of October, 2015.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge